[Civ. No. 22223.   Second Dist., Div. Two.   May 21, 1957.]

EVERT L. HAGAN, Appellant, v. BENJAMIN H. FLESHER, Respondent.

*Assigned by Chairman of Judicial Council.

172

Jesse A. Hamilton for Appellant.

Samuel V. Cornell for Respondent.

ASHBURN, J.—Appeal from order striking amended cost bill. Plaintiff, having recovered judgment, filed a premature cost bill, then one which was rejected by the clerk because it did not comply with court rules. On July 26, 1954, an amended bill was filed; it was retaxed by striking items for jury fees and cost of depositions; the costs were taxed at $66.75. Plaintiff then moved under section 473, Code of Civil Procedure, for leave to file a second amended cost bill ''similar in form, a copy of a cost memorandum which was attached as Exhibit A.''[1] The motion was granted ''to file a cost memorandum similar in form to the one attached as Exhibit A.'' Plaintiff then filed a new cost bill, making changes or corrections in the jury fees and deposition items, but it ''was not in the manner or amounts set forth in Exhibit A attached to the notice of motion for relief under Section 473 C.C.P.'' It included additional items, and a motion to strike this bill was granted with leave to file another amended bill, but ''expressly providing by oral order that said cost bill should be in the form set forth in Exhibit A of the prior motion.'' Plaintiff filed another bill including the items originally allowed in amount of $66.75 and jury fees and cost of depositions, but it ''was not similar in form to Exhibit A in the prior motion''; it ''was not in the manner or the amounts set forth in Exhibit A attached to the notice of motion for relief under Section 473 C.C.P.'' Motion to strike was granted on October 20, 1954, and appeal taken from that order.

■ Appellant's brief offers as an explanation the following: ''It so happened that between the time of the allowance of the order 473 C.C.P. which gave the appellant the right to file an amended costs memorandum, appellant discovered that the jury fees had been incorrectly set out in the motion under section 473, Code of Civil Procedure. Not willing to verify a cost memorandum appellant knew was not true, the appellant changed the figures to the correct ones.'' This excuse does not appear anywhere in the record. If true, plaintiff chose to ignore the condition of relief previously granted under 473, rather than to make a new application under that section. It provides for relief from default upon such terms as may

[1]The quotations herein are taken from appellant's settled statement on appeal.

be just. Nothing appears in the statement or appellant's brief which shows that the condition imposed was unreasonable or that there was any abuse of discretion on the part of the judge.

Appellant has failed to show any merit in his appeal.

Order affirmed.

Moore, P. J., and Richards, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1957. Carter, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.